IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ALTMAN and ROXANA ALTMAN Husband and Wife, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) ) Civil Action No.  05-956 ) |
| INGERSOLL-RAND COMPANY a/k/a MELRO-INGERSOLL-RAND t/d/b/a BOBCAT, et al., | ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **MEMORANDUM OPINION and ORDER**

Pending is Plaintiffs' Motion to Compel Discovery Responses. (Docket No. 29). The Motion is granted in part and denied in part, as set forth below.

Plaintiffs contend that the Defendant Bobcat Company ("Bobcat") has not yet responded to outstanding Requests for Production of Documents Number 1. Bobcat concedes as much, but insists that disclosure was premature until the Court signed the Protective Order.  As that was signed on November 29, 2005, it is hereby ORDERED that Bobcat shall respond to the Requests for Production of Documents by no later than January 9, 2006.

With respect to the Interrogatories - First Set, Plaintiffs seek an Order compelling Bobcat to respond to Interrogatory Numbers 8, 9, 13, 14, 15, 16, 17, 18, 19, 22 and 23. I will address Plaintiffs' contentions, and Bobcat's responses, seriatim.

1

Interrogatory No. 8 asks Bobcat to "[d]escribe all potential or known HAZARDS, DEFECTS and / or DANGERS posed to the user of the "LOADER" or persons such as Plaintiff or those similarly situated while the "LOADER" is being used with the backhoe attachment as described herein." Bobcat objected to the form of the question, but also objected because the question presupposes that a hazard, defect or danger existed with the Loader. Bobcat explained that the various manuals, handbooks and warnings supplied with the Loader disclose all potential dangers associated with the Loader. Plaintiffs find this response insufficient, arguing that information about hazards, defects or dangers relating to inadvertent operation / activation of the Loader when it is used in a reasonably foreseeable manner is clearly relevant. Having considered the parties' arguments, I find Bobcat's response to be sufficient. Bobcat is entitled to maintain its position that all known hazards and dangers are disclosed in the written materials supplied with the Loader.

Interrogatory No. 9 requests information about any "actions undertaken" by Bobcat to avert a possible injury from a potential or known danger or to eliminate any defects in the design, manufacture or distribution of the Loader or similar models. Bobcat objects to the form of the question as well as the fact that the question presupposes that any hazard or danger existed with the "Loader" or similar models. Bobcat then references its response to Interrogatory No. 8. Again, I find Bobcat's response to be sufficient. Bobcat need not concede Plaintiffs' point that the Loader was dangerous or defectively designed.

Interrogatory No. 13 seeks information about other injuries or accidents

2

sustained by the user or other individuals similarly situated such as Plaintiff occurring with the same type of Loader or similar models. Bobcat responded that it has "no knowledge of any other accidents where a bystander near a Bobcat Model 863 G Series Skid-Steer Loader equipped with a bobcat 709 backhoe was hurt by the operator's inadvertent actuation or movement of the backhoe boom." Plaintiffs object to Bobcat's apparent narrowing of the question to refer to "identical" circumstances rather than "similar" circumstances. I agree with Plaintiffs that Bobcat has impermissibly narrowed the interrogatory. As such, Bobcat is ordered to supplement its response to include information about other accidents or injuries sustained by persons "similarly situated" with Plaintiff and involving both the same Loader _and_ similar models. The response is due no later than January 9, 2005.

Interrogatory Nos. 14, 15, 16, 17, 18 and 19 all seek information about the cause of the accident in question. Bobcat responded more or less the same with respect to each interrogatory - that discovery was ongoing. Plaintiffs respond that Bobcat controls much of the information which would be responsive to these requests. Based upon the submissions tendered me by the parties, I am unable to determine whether Bobcat is purposefully withholding relevant information. Thus, at this juncture, I have no reason to suspect Bobcat's responses that the discovery process is ongoing. I will, however, remind Bobcat of its continuing duty to supplement its responses. Consequently, I expect that Bobcat will at some point supply the requested information. As discovery is to close by March 22, 2006, Bobcat is hereby ordered to supplement its responses by no later than March 29, 2006.

Interrogatory No. 22 requests the findings of any investigations related to the "accident," including the name and capacity of the person(s) that performed the investigation and any actions Bobcat took as a result of the findings. Bobcat responded that the information sought was "outside the scope permitted by the Federal Rules of Civil Procedure." I agree with Plaintiffs that Bobcat's general objection is wholly deficient. It has not explained, to my satisfaction, how the information sought is not discoverable. Surely investigations related to the accident at issue would be relevant to the claims and defenses raised in this case. Bobcat must respond to the Interrogatory by no later than January 9, 2006.

Finally, in Interrogatory No. 23, Plaintiffs seek information regarding safety standards employed in the design, manufacture, assembly, distribution, sale, maintenance and / or delivery of the "Loader" in question, as well as similar models. Bobcat has objected to the interrogatory as "overly broad and vague," and objects to the definitions provided for "hazards" and "defects" and the lack of a definition for "safety standards." I think the information sought is calculated to lead to admissible evidence and, as such, should be produced. Bobcat shall provide such information no later than January 9, 2006.

*********************

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ALTMAN and ROXANA ALTMAN Husband and Wife, | ) ) ) |
| Plaintiff, | ) ) |
| -vs- | ) |
| | Civil Action No. 05-956 |
| INGERSOLL-RAND COMPANY a/k/a MELRO-INGERSOLL-RAND t/d/b/a BOBCAT, et al., | ) ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

AND NOW, this **21st** day of December, 2005, it is ORDERED that the Plaintiffs' Motion to Compel (Docket No. 29) is Granted in part and Denied in part as follows:

Bobcat shall respond to the Requests for Production of Documents no later than January 9, 2006; Interrogatory No. 8 is Denied; Interrogatory No. 9 is Denied; Interrogatory No. 13 is Granted; Interrogatory Nos. 14, 15, 16, 17, 18 and 19 are Denied; Interrogatory No 22 is Granted and Interrogatory No. 23, is Granted.

BY THE COURT:

/S/ Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

5