IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ALTMAN and ROXANA ALTMAN, husband and wife, <br><br> Plaintiffs, <br><br> -vs- <br><br> INGERSOLL-RAND COMPANY a/k/a MELROE-INTERSOLL-RAND t/d/b/a BOBCAT, et al., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) <br> Civil Action No. 05-956 |

AMBROSE, Chief District Judge.

# OPINION and ORDER OF COURT

Plaintiffs have filed two Motions to Compel. See Docket Nos. 38 and 39.  Each Motion is separately addressed below.

**1. MOTION TO COMPEL RE: REQUEST FOR PRODUCTION OF DOCUMENTS, (DOCKET NO. 38) - DENIED**

Pending is Plaintiffs' Motion to Compel Answers to Plaintiffs' (second) Request for Production of Documents. See Docket No. 38.  Plaintiffs contend that the documents produced in response to the Request are woefully inadequate and they demand the production of those documents identified in Defendant Bobcat Company's ("Bobcat") privilege log.  Bobcat disagrees.  The Motion is DENIED.

Plaintiffs' (second) Request for Production of Documents contains twenty-nine individual requests.  Unfortunately, the Motion to Compel does not track these twenty-nine individual requests.  Instead, Plaintiffs generally express incredulity at

1

the fact that Bobcat did not have more responsive documents and complain about a privilege log.

I agree that it seems curious that Bobcat would not have memoranda or other documentation regarding the design of the items identified in the requests. Nevertheless, Bobcat has responded that it produced all responsive requests, other than those withheld as privileged, and Plaintiffs have not provided me with any information suggesting that Bobcat is being less than truthful in this regard.

As to the privilege log, Plaintiffs demand that the documents identified therein be produced. I have reviewed the privilege log and reject Plaintiffs' request. First, the privilege log consists of only four items - which certainly suggests that Bobcat did not assert privilege with wild abandon.  Second, the dates the documents were created is consistent with an assertion of privilege, as each was created well after the accident occurred. Third, although Bobcat asserted privilege with respect to one of the four items - photographs of Bobcat - it appears that Bobcat nevertheless produced such photographs and reserved the right to assert privilege at the time of trial. Fourth, of the remaining three items, external counsel for Bobcat is a recipient - which again buttresses a claim of privilege.  In short, Plaintiffs have not provided any convincing argument that Bobcat is improperly asserting privilege.

2.  **<u>MOTION TO COMPEL RE: REQUEST FOR ADMISSIONS (DOCKET NO. 39) - GRANTED</u>**

Plaintiffs propounded upon Bobcat a Request for Admissions consisting of

eighteen individual requests. Plaintiffs complain that Bobcat's responses to Request Nos. 3-14 are deficient. I agree.

Request Numbers 3 and 4 address whether machines designed and assembled by Bobcat reached Plaintiff without substantial change or alteration. Bobcat responds that it "does not have adequate information on which to base a response." I disagree. Having designed and assembled the machines, certainly Bobcat knew what they looked like and how they operated at the time they left its possession. Bobcat has inspected the machines since the accident. Bobcat can compare and contrast the condition of the machines at the time they left its possession with the condition at the time of inspection and draw some conclusions as to whether the machines were substantially changed or altered. Discovery has almost concluded. I find it inconceivable that Bobcat would not be developing such information as part of a defense to Plaintiffs' claims. Because I find Bobcat's response to be deficient, it is hereby ORDERED to file amended answers no later than 10 days from the date of this Order.

Request Numbers 5, 6, 7 and 8 seek an admission with respect to whether, on the date of the accident, the LOADER and Backhoe Attachment were being used in a foreseeable manner, and / or operated and used for the purposes for which intended. Bobcat denied each request, yet rather than explain the denial, simply referred to all documents previously produced. This response is deficient - Plaintiffs are entitled to an explanation of the denial and should not have to cull through the documents previously produced in order to guess at Bobcat's theories. Bobcat is

hereby ORDERED to file amended answers to these requests no later than 10 days from the date of this Order.

Finally, Request Numbers 9, 10, 11, 12, 13 and 14 seek an admission with respect to a variety of information regarding the inadvertent triggering and / or operation of controls on the LOADER and Backhoe Attachment.  Bobcat has responded to each request by asserting the objection that the request is "vague" and "compound."  These general assertions are unacceptable.  The requests seek relevant information and I do not find them to be vague. To the extent that Bobcat is uncertain about Plaintiffs' meaning of a term, it can qualify its response by defining the term itself.  Further, if the compound nature of a request prevents Bobcat from responding with a single "admitted" or "denied," then Bobcat can separately address each portion of the compound request. Consequently, this **12th** day of April, 2006, Bobcat is ORDERED to file amended answers to these requests within  ten (10) days of the date of this Order.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge