IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ALTMAN and ROXANA ALTMAN, husband and wife, | ) ) ) |
| Plaintiffs, | ) ) |
| -vs- | ) ) Civil Action No.  05-956 ) |
| BOBCAT COMPANY, et al., | ) ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER OF COURT

Plaintiffs' Motion for Reconsideration and / or Allowance of Appeal (Docket No. 84) is DENIED.  To the extent that the Opinion and Order resolving the Motions for Summary Judgment recited facts concerning Thomas Altman's particular tasks on the date of the accident and suggested that Altman "wandered into" the area surrounding the Bobcat Skid Steer Loader prior to the accident, those statements were included strictly for narrative purposes.  The conclusion that Thomas Altman was not an "intended user" of the Bobcat Skid Steer Loader, and thus the factual basis for the entry of summary judgment against Plaintiffs on the strict liability claim, was based upon his <u>admission</u> that he was not operating or using the Bobcat at the time of the accident.  Indeed, as more thoroughly discussed in the Opinion, Altman had never been trained on the Bobcat or used it before the day of the accident.  As such, Plaintiffs' disagreement with the facts provided for narrative

purposes does not merit reconsideration of the prior ruling.

Additionally, to the extent that Plaintiffs now raise an argument that the warnings posted on the Bobcat transformed Thomas Altman into an "intended user," I decline to consider such an argument. This argument is newly raised and does not constitute a basis for reconsideration. See Max's Seafood Café by Lou-Ann, Inc. v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (stating that, to grant a motion for reconsideration, the moving party must demonstrate either: (1) an intervening change in the law; (2) the availability of new evidence; or (3) the need to correct manifest injustice stemming from a clear error of law or fact). The ruling on summary judgment stands.

Additionally, the request for an Order granting permission to appeal pursuant to 28 U.S.C.A. § 1292(b) is DENIED. An immediate appeal from the Order would not materially advance the ultimate termination of this litigation.

BY THE COURT:


/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U.S. District Judge

DATE: March **26**$^{th}$ , 2007