IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

THOMAS   ALTMAN   and   ROXANA      CIVIL ACTION NO: 2005-00956
ALTMAN, husband and wife,

        Plaintiffs,

vs.

BOBCAT COMPANY, et al.,

        Defendants.

## JOINT PROPOSED POINTS FOR CHARGE

AND NOW, come all parties to this action jointly, by and through their attorneys, DALLAS W. HARTMAN, P.C., for the Plaintiffs, WAYMAN, IRVIN, & McAULEY, LLC for the Defendants, Bobcat Company, *et. al.*, and WALSH, COLLIS & BLACKMER, P.C., for the Defendants, Leppo Inc., *et. al.*, and file the following Joint Proposed Points for Charge on behalf of all the Parties to this Action, identifying the jury instructions upon which the parties agree, and the instructions upon which the parties could not agree:

## JOINT PROPOSED POINTS FOR CHARGE

1.     The legal term "negligence," otherwise known as carelessness, is the absence of ordinary care that a reasonably prudent business or entity such as Defendants would use in the circumstances presented here. Negligent conduct may consist either of an act or a failure to act when there is a duty to do so. In other words, negligence is the failure to do something that a reasonably careful business would do,

1

or doing something that a reasonably careful business would not do, in light of all the surrounding circumstances established by the evidence in this case. It is for you to determine how a reasonably careful business entity would act in those circumstances. Pa. SSJI(Civ) § 3.01

Granted _____        Denied _____        Modified _____

2.      There may be more than one factual cause of the harm suffered by the Plaintiff.  When negligent conduct of two or more persons contributes concurrently to an occurrence or incident, each of these persons is fully responsible for the harm suffered by the Plaintiff regardless of the relative extent to which each contributed to the harm. A cause is concurrent if it was operative at the moment of the incident, and acted with another cause as a factual cause in bringing about the harm.  Pa. SSJI(Civ) § 3.16

Granted _____        Denied _____        Modified _____

3.      If you find that the Defendants are liable to the Plaintiffs, you must then find an amount of money damages you believe will fairly and adequately compensate the Plaintiffs for all the physical and financial injuries they have sustained as a result of the occurrence. The amount you award today must compensate the Plaintiffs completely for damage sustained in the past, as well as damage the Plaintiffs will sustain in the future.  Pa. SSJI (Civ.) § 6.00

Granted _____        Denied _____        Modified _____

4.     The damages recoverable by the Plaintiffs in this case and the items that go to make them up, each of which I will discuss separately, are as follows:

(1)  Past Lost Wages;
(2)  Past Household Services;
(3)  Past Medical Expenses;
(4)  Past Pain and Suffering;
(5)  Past Embarrassment and Humiliation;
(6)  Past Loss of Enjoyment of Life;
(7)  Past Disfigurement;
(8)  Present Pain and Suffering;
(9)  Present Embarrassment and Humiliation;
(10) Present Loss of Enjoyment of Life;
(11) Present Disfigurement;
(12) Future Lost Earnings Capacity;
(13) Future Household Services;
(14) Future Medical Expenses;
(15) Future Pain and Suffering;
(16) Future Embarrassment and Humiliation;
(17) Future Loss of Enjoyment of Life;
(18) Future Disfigurement; and
(19) Loss of Consortium

In the event that you find in favor of the Plaintiffs, you will add these sums of damage together and return your verdict in a single, lump sum.  Pa. SSJI (Civ.) § 6.01

Granted _____          Denied _____          Modified _____

5.     The Plaintiff has made a claim for a damage award for past and for future noneconomic loss. There are four items that make up a damage award for noneconomic loss, both past and future: (1) pain and suffering; (2) embarrassment and humiliation; (3) loss of ability to enjoy the pleasures of life; and (4) disfigurement.

First, the Plaintiff must have experienced pain and suffering in order to be able to

claim damage awards for past noneconomic loss and for future noneconomic loss. You are instructed that the Plaintiff is entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress that you find he has endured from the time of the injury until today and that the Plaintiff is also entitled to be fairly and adequately compensated for all physical pain, mental anguish, discomfort, inconvenience, and distress you find he will endure in the future as a result of his injuries.

Second, the Plaintiff must have experienced embarrassment and humiliation in order to claim noneconomic loss. The Plaintiff is entitled to be fairly and adequately compensated for such embarrassment and humiliation as you believe he has endured and will continue to endure in the future as a result of his injuries.

Third, the Plaintiff must suffer loss of enjoyment of life. The Plaintiff is entitled to be fairly and adequately compensated for the loss of his ability to enjoy any of the pleasures of life as a result of the injuries from the time of the injuries until today and to be fairly and adequately compensated for the loss of his ability to enjoy any of the pleasures of life in the future as a result of his injuries.

Fourth, there must be disfigurement. The disfigurement that the Plaintiff has sustained is a separate item of damages recognized by the law. Therefore, in addition to any sums you award for pain and suffering, for embarrassment and humiliation, and for loss of enjoyment of life, the Plaintiff is entitled to be fairly and adequately

compensated for the disfigurement he has suffered from the time of the injury to the present and that he will continue to suffer during the future duration of his life.

In considering the Plaintiff's claims for damage awards for past and future noneconomic loss, you will consider the following factors: (1) the age of the Plaintiff; (2) the severity of the injuries; (3) whether the injuries are temporary or permanent; (4) the extent to which the injuries affect the ability of the Plaintiff to perform basic activities of daily living and other activities in which the Plaintiff previously engaged; (5) the duration and nature of medical treatment; (6) the duration and extent of the physical pain and mental anguish that the Plaintiff has experienced in the past and will experience in the future; (7) the health and physical condition of the Plaintiff prior to the injuries; and (8) in the case of disfigurement, the nature of the disfigurement and the consequences for the Plaintiff.  Pa. SSJI (Civ.) § 6.09

Granted _____          Denied _____          Modified _____

6.     If you find that the Plaintiff's injuries will continue beyond today, you must determine the life expectancy of the Plaintiff.  According to statistics compiled by the United States Department of Health and Human Services, the average life expectancy of all persons of the Plaintiff's age, sex, and race is an additional 26 years. This figure is offered to you only as a guide, and you are not bound to accept it if you believe that the Plaintiff would have lived longer or less than the average individual in his category. In reaching this decision, you are to consider the Plaintiff's health prior to

the accident, his manner of living, his personal habits, and other factors that may have affected the duration of his life.  Pa. SSJI (Civ.) § 6.21

Granted _____        Denied _____        Modified _____

7.     The Plaintiff is entitled to be compensated for any loss or reduction of future earning capacity that he will suffer as a result of a decrease in or loss of future productivity.

Future productivity is the increase in wages or compensation that the Plaintiff would have received had he not sustained the injury.  The Plaintiff has submitted evidence through an economist who has computed his loss of earnings, adding a productivity factor.  If you believe that the Plaintiff has sustained a loss of productivity, you may use this evidence as a guide in reaching your decision as to the amount of the Plaintiff's loss of future earning capacity.  Pa. SSJI (Civ.) § 6.08

Granted _____        Denied _____        Modified _____

8.     The sworn testimony of [name], taken by [deposition] [videotape] prior to this trial, is about to be presented to you.  Such testimony is given under oath and in the presence of attorneys for the parties, who question the witness. A court reporter takes down everything that is said and then transcribes the testimony. [The use of videotape permits you to see and hear the witness as he appeared and testified under questioning

by counsel.]   This form of testimony is entitled to the same consideration as if the testimony of the [witness] testified in court.  Pa. SSJI (Civ.) § 2.05.

Granted _____          Denied _____          Modified _____

9.      The exhibits that have been identified and received in evidence are now being shown to you for your careful examination, without discussion at this time, to aid you in understanding the testimony.  Pa. SSJI (Civ.) § 2.19

Granted _____          Denied _____          Modified _____

10.      In civil cases such as this one, the Plaintiffs have the burden of proving those contentions which entitle them to relief.

When a party has the burden of proof on a particular issue, their contention at that issue must be established by a fair preponderance of the evidence.  The evidence establishes a contention by a fair preponderance of the evidence if you are persuaded that is more probably accurate and true than not.

To put it another way, think if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the Plaintiff; onto the other place all of the evidence favorable to the Defendant.  If, after considering the comparable weight of the evidence, you feel that the scales tip, ever so slightly or to the slightest degree in favor of the Plaintiff your verdict must be for the Plaintiff.  If the scales tip in favor of the Defendant, or are equally balanced, your verdict must be for the Defendant.

7

In this case, the Plaintiffs have the burden of proving the following propositions: that the Defendants were negligent and that the Defendants' negligence was a factual cause in bringing about the Plaintiff's injuries.  If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the Plaintiffs.  Otherwise, your verdict should be for the Defendant. Pa. SSJI (Civ.) § 5.50

Granted _____        Denied _____        Modified _____

11.     The Stipulation of Facts which have been offered and received in evidence constitute an agreement by the opposing parties through their attorneys, that these facts may be accepted as undisputed and require no further proof and will permit no contradictory evidence.  They are to be accepted by you as binding and conclusive for the purposes of this trial.  Pa. SSJI (Civ.) § 2.11.

Granted _____        Denied _____        Modified _____

12.     The number of witnesses offered by one side or the other does not, in itself, determine the weight of evidence.  It is a factor, but only one of many factors which you should consider.  Whether the witnesses appear to be biased or unbiased and whether they are interested or disinterested persons, are among the important factors which go to the reliability of their testimony.  The important thing is the quality of the testimony of each witness.  In short, the test is not which side brings the greater number of witnesses or presents the greater quality of evidence, but which witness or

witnesses and which evidence, you consider most worthy of belief.  Even the testimony of one may outweigh that of many, if you have reason to believe his testimony in preference to theirs.  Obviously, however, where the testimony of the witnesses appears to you to be of the same quality, the weight of numbers assumes particular significance. Pa. SSJI (Civ.) § 5.03.

Granted _____          Denied _____          Modified _____

13.     You may find inconsistencies in the evidence.  Even actual contradictions in the testimony of witnesses do not necessarily mean that any witness has been willfully false.  Poor memory is not uncommon.  Sometime the witness forgets; sometimes he remembers incorrectly.   It is also true that two person witnessing an accident may see or hear it differently.

If different parts of the testimony of any witness or witnesses appear to be inconsistent, you the jury should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily.

If, however, you decide that there is a genuine and irreconcilable conflict of testimony, it is your function and duty to determine which, if any, of the contradictory statement you will believe.  Pa. SSJI (Civ.) § 5.04

Granted _____          Denied _____          Modified _____

14.     If you decide that a witness has deliberately falsified his testimony on a

significant point, you should take this into consideration in deciding whether or not to believe the rest of his testimony; and you may refuse to believe the rest of his testimony, but you are not required to do so.  Pa. SSJI (Civ.) § 5.05

Granted _____          Denied _____          Modified _____

15.     A witness who has special knowledge, skill, experience, training or education in particular science, profession or occupation may give his opinion as an expert as to any matter in which he is skilled.  In determining the weight to be given to his opinion, you should consider the qualifications and reliability of the expert and the reason given for his opinion.  You are not bound by an expert's opinion merely because he is an expert, you may reject it or accept it, as in the case of other witnesses.  Give it the weight, if any, to which you deem it entitled.  Pa. SSJI (Civ.) § 5.30.

Granted _____          Denied _____          Modified _____

16.     In general, the opinion of an expert has value only when you accept the facts upon which it is based.  This true whether facts are assumed hypothetically by the expert, come from his personal knowledge, from some other proper source of from some combination of these.  Pa. SSJI (Civ.) § 5.31.  *Jackson v. United States Pipeline Co.*, 325 Pa. 436, 191 A.165 (1937) [quoted in *Gordon v. State Farm Life Insurance Co.*, 415 Pa. 256, 203 A.2d 320 (1964)].

Granted _____          Denied _____          Modified _____

17.     Questions have been asked in which an expert witness is invited to

assume that certain facts were true and to give an opinion based upon that assumption. These are called hypothetical questions.  If you find that any material fact assumed in a particular hypothetical question has not been established by the evidence, you should disregard the opinion of the expert given in response to that question.  By material fact, we mean one that was important to the expert in forming his opinion.

Similarly, if an expert has made it clear that his opinion is based on the assumption that a particular fact did exist, and from the evidence you find that it did not exist or that it was immaterial, you should give no weight to the opinion so expressed.  Pa. SSJI (Civ.) § 5.32.  *Battistone v. Benedette*, 385 Pa. 163, 122, A.2d 536 (1956).

Granted _____         Denied _____         Modified _____

18.     In resolving any conflict that may exist in the testimony of expert witnesses, you are entitled to weigh the opinion of one expert against that of another. In doing this you should consider the relative qualifications and reliability of the expert witnesses, as well as the reasons for each opinion and the facts and other matters upon which it was based.  Pa. SSJI (Civ.) § 5.33

Granted _____         Denied _____         Modified _____

19.     This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  Defendant Bobcat and Defendant Leppo are entitled to the same fair trial at your hands as a private individual.  All persons, including companies such

11

as Defendant Bobcat and Defendant Leppo stand equal before the law, and are to be dealt with as equals in a court of justice.  8A P.L.E. Corporations, §3 (1971).

Granted _____          Denied _____          Modified _____

20.    The Plaintiff claims he was injured by the negligent conduct of the Defendants.  The Plaintiff has the burden of proving his claims.

The Defendants deny the Plaintiff's claims and assert that the Plaintiff was negligent and the Plaintiff's own negligence was a factual cause in injuring the Plaintiff. The Defendants have the burden of proving these affirmative defenses.

The issues for you to decide, in accordance with the law as I give it to you are:

1.    Were either of the Defendants negligent?
2.    Was either of the Defendants' conduct a factual cause in bringing about injury to the Plaintiff?
3.    Was the Plaintiff negligent?

Was the Plaintiff's negligent conduct a factual cause in bringing about his own injury?  Pa. SSJI (Civ.) § 3.00

Granted _____          Denied _____          Modified _____

21.    Ordinary care is the care a reasonably careful person would use under all the circumstances presented in this case.  It is the duty of every person to use ordinary care not only for his own safety and the protection of his property, but also to avoid injury to others.  What constitutes ordinary care varies according to the particular circumstances and conditions of each case.  The amount of care required by the law

must be in keeping with the degree of danger involved.  Every person must exercise

such care as is reasonably required or is expected under all the attending circumstances.

*Frederics v. Castora,* 241 Pa. Super. 211, 360 A.2d 696 (1976); Pa. SSJI §3.02 (1972).

Granted _____          Denied _____          Modified _____

22.     The Plaintiff must prove to you that the Defendants' conduct caused the

Plaintiff's damages.  This is referred to as "factual cause."  The question is: "Was the

Defendants' negligent conduct a factual cause in bringing about the Plaintiff's

damages?"

Conduct is a factual cause of harm when the harm would not have

occurred absent the conduct.  An act is a factual cause of an outcome if, in the absence

of the act, the outcome would not have occurred.

A Defendant's negligent conduct need only be a factual cause of the

Plaintiff's harm.  It does not need to be the only cause.  The existence of other causes of

the harm does not relieve the Defendant from liability as long as the Defendant's

negligent conduct was a factual cause of the injury.  If you find that one of the alleged

acts of a Defendant was negligent and a factual cause of the harm, this is sufficient to

subject that Defendant to liability.

Remember, a factual cause is an actual, real factor, although the result

may be unusual or unexpected.  A factual cause can not be an imaginary or fanciful

factor having no connection or only an insignificant connection with the injury.

Although a factual cause can not be minimal or insignificant with regard to the injury, it can be relatively minor in relation to other factors and need not be quantified as being either considerable or large.  Pa. SSJI (Civ.) § 3.15

Granted _____        Denied _____        Modified _____

23.    The mere happening of an accident is not proof of negligence on the part of either Defendant and in order for the Plaintiff to recover, he must show the incident and injuries resulted from the negligent conduct of one or both of the Defendants.  That burden he must meet by the fair preponderance of the evidence in the case.  *Miller v. Borough of Exeter,* 366 Pa. 336, 338-339, 77 A.2d 395, 397 (1951).

Granted _____        Denied _____        Modified _____

24.    I have invited your attention to various factors which you may consider in evaluating the evidence of the Plaintiff and the Defendants.  In so doing, I have not attempted to indicate any opinion on my part concerning the weight you should give to the evidence or to any part of it and I would not want you to think that I had.  In any event, it is for you and you alone to determine the credibility of each witness.  Pa. SSJI (Civ.) § 5.40 (2005).

Granted _____        Denied _____        Modified _____

25.    Evidence may either be direct evidence or circumstantial evidence. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw, heard, or did.  Circumstantial evidence is proof of one or more

14

facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence. You may decide the case solely based on circumstantial evidence. Pa. SSJI (Civ.) § 5.07

Granted _____        Denied _____        Modified _____

26.    You are instructed that any individual called as an expert witness, who has specialized knowledge on the particular subject as issue in this case, may testify as an expert. It is up to you, as the finder of fact, to decide upon the weight you give to that testimony. *Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing v. Zeltins*, 614 A.2d 349 (Pa.Cmwlth. 1992).

Granted _____        Denied _____        Modified _____

## PLAINTIFFS' PROPOSED JURY INSTRUCTIONS TO WHICH THE DEFENDANTS DID NOT AGREE

The following proposed jury instructions are proffered by the Plaintiffs. The Defendants object to these jury instructions.

27.    The Plaintiff claims he was injured by the negligent conduct of the Defendants. Specifically, Plaintiffs claim that Defendant Bobcat was negligent in failing to design the subject Skid Steer Loader in conformity with appropriate ANSI Standards. Further, Defendant Bobcat was negligent in the warnings, instructions, training and manuals provided with the subject Skid Steer Loader. Plaintiffs claim that Defendant

15

Leppo was negligent in the training and instruction provided, specifically that Defendant Leppo failed to provide training as to what to do in the event someone entered the swing arm radius of the Backhoe Attachment.  The Plaintiff has the burden of proving his claims.

The Defendants deny the Plaintiff's claims.

The issues for you to decide, in accordance with the law as I give it to you are:

     1.     Were the Defendants negligent?

     2.     Was the Defendants' conduct a factual cause in bringing about injury to the Plaintiff?

Pa. SSJI(Civ) § 3.00

Granted _____        Denied _____        Modified _____

28.      Several ANSI Standards were in effect at the time this accident occurred, which provided in part: [here, quote relevant regulatory provision]. These standards were developed to protect a person in the position of the Plaintiffs in this case and dictates the duty of care required of someone in the same situation as the Defendant. If you find that there was a violation of any of these standards, any violation would be evidence that you should consider along with all other evidence presented on the question of whether the Defendants were negligent.  Pa. SSJI(Civ.) § 3.08

Granted _____        Denied _____        Modified _____

29.      Where the conduct of two or more persons is negligent, and it is proved that the accident was caused by the negligent conduct of only one of them, but there is

uncertainty as to which one caused it, the burden is upon each person to prove that he or she has not caused the accident. Pa. SSJI(Civ.) § 3.19

Granted _____     Denied _____     Modified _____

30.     The terms "intervening" and "superseding" cause have to do with causes of injury which are independent of and come after the Defendant's initial conduct, but which operates to produce a harm.  *Vattimo v. Lower Bucks Hosp., Inc.*, 502 Pa. 241, 253, 465 A.2d 1231, 1237 (1983), n.4.

An "intervening" cause is merely one arising after the Defendant's initial conduct, and does not relieve the Defendant of liability, often because the intervening cause was foreseeable, or if not foreseeable, was a normal incident of the risk created. A "superseding" cause also arises after the Defendant's initial conduct, but operates to relieve the Defendant of liability.  *Id*, citing Prosser, Law of Torts, section 44 (4th ed). Even where an intervening act is wrongful it does not become a superseding cause unless, looking retrospectively from the harm through the sequence of events by which it was produced, it is so extraordinary as not to have been reasonably foreseeable.  Id.

An event may only be deemed a superseding cause where the actions are so extraordinary as not to have been reasonably foreseeable. *Parks v. Allied Signal*, 113 F.2d 1327, 1333-34 (3rd Cir.  1997); *Esbach v. W.T. Grant's and Co.*, 481 F.2d 940, 945 (3rd Cir. 1973).

Granted _____     Denied _____     Modified _____

17

31.     The Plaintiff is entitled to recover damages for all injuries that the Defendants were a factual cause in producing. The Defendants' actions need not be the sole cause of the injuries; other causes may have contributed to producing the final result. The fact that some other factor may have been a contributing cause of Plaintiff's injuries does not relieve the Defendants of liability, unless you find that such other cause was a superseding cause which would have produced the injury complained of independently of the Defendants' actions.   Even though other causes may have contributed to Plaintiff's injuries, if the Defendants' negligence, in either the design of the skid steer loader, instruction, training and/or warnings for the skid steer loader were a factual cause in producing the injury, the Defendant is liable for the full amount of damages sustained, without any apportionment or diminution for the other conditions or causes.  Pa. SSJI (Civ.) § 6.05

Granted _____          Denied _____          Modified _____

32.     The Plaintiff is entitled to be compensated for the amount of earnings that he has lost up to the time of the trial as a result of his injuries.  Pa. SSJI (Civ.) § 6.07

Granted _____          Denied _____          Modified _____

33.     The deposition of a witness, whether or not a party, may be used by any party for any purpose.  Fed.R.Civ.Proc. 32

Granted _____          Denied _____          Modified _____

34.     Any deposition may be used by any party for the purpose of contradicting

or impeaching the testimony of the deponent as witness.  Fed.R.Civ.Proc. 32

Granted _____          Denied _____          Modified _____

35.     There is evidence that the Defendants' agents and representatives made earlier statements inconsistent with their testimony at this trial.   Those earlier statements may be considered by you not only in your evaluation of that party's credibility but also as evidence of the truth of the contents of the statement bearing upon the facts in issue.  Pa. SSJI (Civ.) § 2.20.

Granted _____          Denied _____          Modified _____

36.     The admissions of fact made by an agent of Defendant in the Answer to the Complaint, other documents and prior testimony, have been offered by the Plaintiff and received in evidence.  The Defendant is bound by these admissions.  Pa. SSJI (Civ.) § 2.10

Granted _____          Denied _____          Modified _____

## PROPOSED JURY INSTRUCTIONS PROFFERED JOINTLY BY DEFENDANTS BOBCAT COMPANY AND LEPPO, INC.

The following proposed jury instructions are proffered jointly by Defendants Bobcat Company and Leppo, Inc..  The Plaintiffs object to these jury instructions.

37.     Under the law of Pennsylvania, as it applies to the facts presented in this case, I direct you to find in favor of the Defendant, Bobcat Company, and against the Plaintiffs.

Granted _____        Denied _____        Modified _____

38.     Under the law of Pennsylvania, as it applies to the facts presented in this case, I direct you to find in favor of Defendant Leppo and against the Plaintiffs.

Granted _____        Denied _____        Modified _____

39.     A cause of action for negligence exists where there is an obligation on the part of the actor to conform to certain standards of conduct for the protection of others against foreseeable risks, a failure on the actor's part to conform his conduct to the standard required (breach of duty), and a reasonably close causal connection between the conduct and the resulting injury.  *Sherk v. Daisy-Heddon, Etc.*, 450 A.2d 615 (Pa. 1982).

Granted _____        Denied _____        Modified _____

40.     Conduct is negligent when the harmful consequences could reasonably have been foreseen and prevented by the exercise of reasonable care.  *Sherk v. Daisy-Heddon, Etc.*, 450 A.2d 615 (Pa. 1982).

Granted _____        Denied _____        Modified _____

41.     The determining question in a negligence action is not whether the Defendant could have acted to prevent the instant accident, but whether it had a duty to

do so.  *Marshall v. Port Authority of Allegheny County*, 525 A.2d 857 (Pa.Cmwlth. 1987),

*aff'd* 568 A.2d 931 (Pa. 1990); *Breiner v. C&P Home Builders, Inc.*, 536 F.2d 27 (3d. Cir.

1976).

Granted _____        Denied _____        Modified _____

42.    To hold a Defendant liable in negligence for injuries sustained by Plaintiff,

it must be shown that the Defendant breached a duty or obligation recognized by law

which required him to conform to a certain standard of conduct for protection of

persons, such as Plaintiff.  Whether a duty exists is ultimately a question of fairness.

The inquiry involves a weighing of the relationship of the parties, the nature of the risk

and the public interest in the proposed solution.  Generally, the law does not impose

affirmative duties absent the existence of some special relationship, be it contractual or

otherwise.  *Elias v. Lancaster General Hosp.*, 710 A.2d 65, 68 (Pa.Super.1998).

43.    A Plaintiff cannot recover for his own injuries if he could have avoided

those injuries by the use of reasonable care.  *Sloss v. Greenberger*, 152 A.2d 910 (Pa. 1959);

*Brancato v. Kroger Co., Inc.*, 312 Pa. Super. 448; 458 A.2d 1377 (Pa.Super. 1983).

Granted _____        Denied _____        Modified _____

44.    The mere occurrence of an injury or accident does not prove negligence

and does not prove liability.  In other words, the simple fact that the Plaintiff was

injured does not mean that the Defendants were negligent or that the Plaintiff is entitled

to recover.  *Hamil v. Bashline*, 481 Pa. 256, 392 A.2d 1280 (1978); *Lewis v. Quinn*, 376 Pa.

109, 101 A.2d 382 (1954).

Granted _____          Denied _____          Modified _____

45.     The mere happening of an accident does not raise an inference or presumption of negligence, nor even make out a *prima facie* case of negligence; rather, the Plaintiff must produce evidence to support his version of the accident.  Theories as to what may have happened in an accident may not be employed as a substitute for actual evidence.  *Churilla v. Barner,* 269 Pa. Super. 100, 104-105, 409 A.2d 83, 85 (1979).

Granted _____          Denied _____          Modified _____

46.     It is settled in the law that the mere occurrence of an injury does not prove negligence and that an admittedly negligent act does not necessarily entail liability; rather even when it is established that the Defendant breached some duty of care owed to the Plaintiff, it is incumbent on a Plaintiff to establish a causal connection between Defendants' conduct and the Plaintiff's injury.  Stated another way, the Defendants' conduct must be shown to have been the proximate cause of the Plaintiff's injury.  Proximate cause is a term of art denoting the point at which legal responsibility attaches for the harm to another arising out of some act of Defendant or Defendants, and it may be established by evidence that the Defendants' negligent act or failure to act was a substantial factor in bringing about the Plaintiff's harm.  The Defendants' negligent conduct may not, however, be found to be a substantial cause where the Plaintiff's injury would have been sustained even in the absence of the actor's negligence.  *Hamil*

*v. Bashline*, 392 A.2d 1280, 1284 (Pa. 1978).

Granted _____          Denied _____          Modified _____

47.     In a negligence case based upon a design defect, the Plaintiff must prove not only that the product was defective and that the defect caused his injury, but in addition, that in manufacturing or supplying the product the Defendant failed to exercise due care.  *Dambacher v. Mallis*, 336 Pa.Super. 22, 485 A.2d 408, 424 (1984); *Griggs v. BIC Corporation*, 981 F.2d 1429 (3d. Cir. 1992); *Moroney v. General Motors Corp.*, 2004 PA Super 104; 850 A.2d 629 (Pa.Super. 2004).

Granted _____          Denied _____          Modified _____

48.     In negligence, the focus is on the reasonableness of a Defendant's conduct in relation to anyone who foreseeably may be subject to an unreasonable risk of foreseeable harm.  *Harsh v. Petroll*, 584 Pa. 606; 887 A.2d 209 (2005).

Granted _____          Denied _____          Modified _____

49.     "[T]he focus of the negligence analysis is on the manufacturer's conduct in designing, creating, and distributing a product, rather than upon the degree of perfection of the product itself."  *Berrier v. Simplicity Corp.*, 413 F.Supp.2d 431, 443 (E.D.Pa. 2005), *citing, Phillips v. Cricket Lighters*, 576 Pa. 644, 655-66, 841 A.2d 1000, 1007 (2001).

Granted _____          Denied _____          Modified _____

50.     In a failure to warn case, a Defendant will not be held liable, even in the

absence of making a warning, when the Plaintiff already knew of the danger which the missing warning allegedly should have cautioned and engaged in the dangerous activity anyway. *Phillips v. A-BEST*, 542 Pa. 124, 665 A.2d 1167, 1171 (Pa. 1995).

Granted _____ Denied _____ Modified _____

51. Pennsylvania law does not permit you to presume, simply from the occurrence of an accident, that the product involved was defective or that a defect was the cause of the Plaintiff's injuries. The Plaintiff must have presented some kind of evidence which could provide a basis on which you could reasonably infer that the condition of the product was a cause of the injury and that other possible causes have been eliminated. *Woelfel v. Murphy Ford Company*, 337 Pa.Super. 433, 487 A.2d 23 (1985); *Thompson v. Anthony Crane Rental, Inc.*, 325 Pa.Super. 386, 473 A.2d 120 (1984).

Granted _____ Denied _____ Modified _____

52. Although industry custom and practice, in the use of methods, machinery and appliances is a most important factor in determining the question of negligence, it is ultimately for you, as members of the jury, to find whether under all the evidence the Defendant was negligent. *Price v. New Castle Refractories Company*, 3 A.2d 418 (Pa. 1939); *Rubin v. Goldner*, 110 A.2d 237 (Pa. 1955); *Hermrock v. Peoples Natural Gas Company*, 223 A.2d 687 (Pa. 1966).

Granted _____ Denied _____ Modified _____

53. You may consider evidence that wide use of the same design features by

other manufacturers at the time this particular machine was designed as evidence that the design of this product is not defective.  *Brogley v. Chambersburg Engineering Co.*, 452 A.2d 743 (Pa.Super. 1982).

Granted _____          Denied _____          Modified _____

54.     The court has already instructed you about negligence and factual cause. You are going to apportion causal negligence among the parties.

If you find that the Plaintiff's causal negligence was greater than the combined causal negligence of those Defendants you find to have been negligent, then the Plaintiff is barred from recovery and you need not consider what damages should be awarded.

If you find that the Plaintiff's causal negligence was equal to or less than the combined causal negligence of the Defendants you found to be causally negligent, then you must set forth the percentage of causal negligence attributable to the Plaintiff and the percentage of causal negligence attributable to each of the Defendants you find to have been causally negligent.  The total of these percentages must be 100 percent.

You will then determine the total amount of damages to which Plaintiff would be entitled if he had not been negligent.  In finding the amount of damages, you should not consider the amount, if any, of the Plaintiff's fault.  After you return your verdict, the court will reduce the amount of damages you have found based upon the amount of causal negligence you have attributed to the Plaintiff.  Pa. SSJI (Civ.) § 3.20

Granted _____          Denied _____          Modified _____

55.     The Defendants claim that the Plaintiff was contributorily negligent. Contributory negligence is negligence on the part of a Plaintiff that is a factual cause of the Plaintiff's injury.   The burden is not on the Plaintiff to prove his freedom from contributory negligence.   The Defendants have the burden of proving contributory negligence by a fair preponderance of the credible evidence.   You must determine whether the Defendants have proven that the Plaintiff, under all the circumstances present, failed to use reasonable care for his own protection.

Defendant contends that the Plaintiff was contributorily negligent by entering the swing area of the bucket of the 709 Backhoe while the operator was using the machine, despite specific instructions in the First Energy Handbook not to do so. Defendant also contends that the Plaintiff was negligent in failing to heed the warnings in the First Energy employee handbook, the warnings posted on the skid-steer loader and 709 Backhoe, and the instructions at the safety meeting prior to work commencing at the job site.

Even if you find that the Plaintiff was negligent, you must also determine whether the Defendants have proven that the Plaintiff's conduct was a legal cause in bringing about the Plaintiff's injury.   If the Defendants have not sustained that burden of proof, then the defense of contributory negligence has not been made.   In determining legal cause, you will refer to my previous instruction.  Pa. SSJI (Civ.) § 3.21

Granted _____          Denied _____          Modified _____

56.     If the Plaintiff's own case establishes that the Plaintiff was contributorily negligent, it is not necessary for the Defendants to offer any evidence in order to meet this burden of proof.  *Argo v. Goodstein*, 265 A.2d 783 (Pa. 1970).

Granted _____          Denied _____          Modified _____

57.     Contributory negligence is conduct on the part of a Plaintiff which falls below the standard of care to which he should conform for his own protection and which is a legally contributing cause, cooperating with the negligence of the Defendants, in bringing about the Plaintiff's harm.  Contributory fault may stem either from a Plaintiff's careless exposure of himself to danger or from his failure to exercise reasonable diligence for his own protection.   The Defendants have the burden to establish the Plaintiff's conduct was a contributing factor in his injury, and must show both the negligence of the conduct alleged and the causal relationship of that conduct to the injuries for which damages are sought.  *Angelo v. Diamontoni*, 871 A.2d 1276, 1280 (Pa. Super. 2005).

Granted _____          Denied _____          Modified _____

58.     One who fails to observe a dangerous condition plainly visible and who nevertheless proceeds without regard to his own safety is guilty of negligence as a matter of law.  *Kresovich v. Fitzsimmons*, 264 A.2d 585 (Pa. 1970).

Granted _____          Denied _____          Modified _____

59.     The Defendants claim that the Plaintiff assumed the risk of injury and the Defendants have the burden of proving this was so.  The elements of assumption of the risk are that the Plaintiff fully understood the specific danger that caused his injury, appreciated its nature and extent, and voluntarily chose to encounter it under circumstances indicating a willingness to accept the specific danger.

This is a subjective test. The question is not whether a reasonable person in the Plaintiff's position would have understood the risk, but whether the Plaintiff himself actually did.

The Plaintiff's knowledge and understanding of the specific danger may be proven by circumstantial evidence.  Direct evidence is not required.

Not all voluntary risk-taking amounts to an assumption of the risk.  The defense applies only to preliminary and deliberate conduct with an awareness of the specific risk.  It does not apply to conduct close in time and place to the accident.

You must therefore determine whether the Defendants have met their burden of proof.  If you find that the Plaintiff intelligently and voluntarily accepted the specific risk that caused the Plaintiff's injuries, your verdict must be for the Defendants. Pa. SSJI (Civ.) § 3.14

Granted _____          Denied _____          Modified _____

60.     Deliberate conduct done with an awareness of the specific risks inherent in the activity is a proper basis for implying the assumption of risk.  *Fish v. Gosnell*, 316

Pa.Super. 565, 463 A.2d 1042 (1983).

Granted _____          Denied _____          Modified _____

61.     You are to find that the Plaintiff assumed the risk if the Defendants have

shown that the Plaintiff was subjectively aware of the facts which created the danger

and that the Plaintiff appreciated the danger and the nature, character and extent of the

danger which made it unreasonable.  *Berman v. Radnor Rolls, Inc.*, 374 Pa.Super. 118, 542

A.2d 525 (1988).

Granted _____          Denied _____          Modified _____

62.     If under the facts, you find the Plaintiff failed to observe a dangerous

condition plainly visible, and nevertheless proceeded without regard to his own safety,

he must be found guilty of contributory negligence.  *Miller v. Borough of Exeter, et. al*, 366

Pa. 336, 77 A.2d 395 (1951); *Knapp v. Bradford City*, 432 Pa. 172, 247 A.2d 575 (1968);

*Vihlidal v. Braun*, 371 Pa.Super. 565, 538 A.2d 881 (1988).

Granted _____          Denied _____          Modified _____

63.     In civil cases such as this one, the Plaintiff has the burden of proving those

contentions which entitle him to relief.

When a party has the burden of proof on a particular issue, their contention on

that issue must be established by a preponderance of the evidence.  The evidence

establishes a contention by a preponderance of the evidence if you are persuaded that it

is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the Plaintiff; onto the other, place all of the evidence favorable to the Defendants.  If, after considering the comparable weight of the evidence, you feel that the scale tips, ever so slightly or to the slightest degree, in favor of the Plaintiff, your verdict must be for the Plaintiff.  If the scale tips in favor of the Defendants, or are equally balanced, your verdict must be for the Defendants.

In this case, the Plaintiff has the burden of proving the following propositions with regard to Defendant Bobcat, that:

a.  Defendant Bobcat was negligent in that it designed a defective product and failed to exercise due care in manufacturing or supplying the product;

b.  Defendant Bobcat's conduct was negligent in designing and producing a product that foreseeably created an unreasonable risk of foreseeable harm; and,

c.  Defendant Bobcat was negligent in that it had a duty to, but failed to adequately warn Plaintiff-husband of the known hazards of being struck by the Loader and Backhoe.

If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the Plaintiff.  Otherwise, your verdict should be for the Defendants.   Pa. SSJI (Civ.) § 5.50 (2005).

Granted _____        Denied _____        Modified _____

64.     You are not bound by an expert's opinion merely because he is an expert; you may reject anything an expert says, even if the testimony is not contradicted. *Bronchak v. Rebmann*, 397 A.2d 438, 440 (Pa.Super. 1979).

Granted _____          Denied _____          Modified _____

65.     A jury cannot be permitted to return a verdict based on speculation and not supported by adequate evidence or reasonable inferences.  *Lonsdale v. Joseph Horne Co.*, 587 A.2d 810, 813 (Pa.Super. 1991).

Granted _____          Denied _____          Modified _____

66.     The purpose of awarding damages in cases involving personal injury is to be compensatory and compensatory alone.  Thus, the purpose in awarding damages is neither to punish the wrongdoer nor make the injured party wealthy, nor to provide the injured person with a windfall benefit.    *Moorhead v. Crozer Chester Medical Center*, 564 Pa. 156, 163-164 765 A.2d 786 (2001).

Granted_____          Denied_____ Modified_____

67.     Remedies seek to put the injured person in a position as nearly as possible equivalent to his position prior to the tort. *Moorhead v. Crozer Chester Med. Ctr.*, 564 Pa. 156, 163-164, 765 A.2d 786, 790 (2001), citing *Trosky v. Civil Service Comm'n, City of Pittsburgh*, 539 Pa. 356, 652 A.2d 813, 817 (1995).

Granted_____          Denied_____ Modified_____

68.     The loss that the Plaintiff sustained should be compensated with the least

burden to the wrongdoer, consistent with the idea of fair compensation to the person injured.  *Moorhead v. Crozer Chester Med. Ctr.*, 765 A.2d 786, 790 (Pa. 2001), *citing*, *Incollingo v. Ewing*, 282 A.2d 206, 228 (Pa. 1971).

Granted _____          Denied _____          Modified _____

69.     The Plaintiff is entitled to be compensated for the amount of earnings that he has lost up to the time of the trial as a result of his injuries. This amount is the difference between what he could have earned but for the harm and less any sum he actually earned in any employment.  Pa. SSJI (Civ.) § 6.07

70.     The Plaintiffs are only entitled to recover from the Leppo Defendants if they are able to establish by a fair preponderance of the evidence that:

    (1)     Leppo had a duty to warn;
    (2)     Leppo breached that duty; and,
    (3)     Leppo's breach caused the Plaintiffs' damages.

Accordingly, Plaintiffs cannot recover if it is determined that Defendant Leppo did not have a duty to warn Plaintiff-husband, or that Leppo did not have a duty to train Plaintiff-husband.

*McCandless v. Edwards*, 908 A.2d 900, 903 (Pa.Super.2006), citations omitted.

Granted_____          Denied_____ Modified_____

71.     In a case for negligence predicated on failing to warn, the Plaintiffs are first required to establish that the Defendants had a duty to warn. *Krentz v. Consolidated Rail Corp.*, 910 A.2d 20 (Pa.2006).

Granted_____      Denied_____ Modified_____

72.     Ordinarily, there is no duty to give notice of that which is obvious. *Walker v. Broad & Walnut Corporation*, 182 A. 643 (Pa.1936).

Granted_____      Denied_____ Modified_____

73.     A plaintiff's knowledge and understanding of the risk, of course, may be shown by circumstantial evidence. *Mucowski v. Clark*, 404 Pa.Super. 197, 202, 590 A.2d 348, 350 (1991).

Granted_____      Denied_____ Modified_____

74.     In civil cases such as this one, the Plaintiff has the burden of proving those contentions which entitle him to relief.

When a party has the burden of proof on a particular issue, their contention on that issue must be established by a preponderance of the evidence.  The evidence establishes a contention by a preponderance of the evidence if you are persuaded that it is more probably accurate and true than not.

To put it another way, think, if you will, of an ordinary balance scale, with a pan on each side.  Onto one side of the scale, place all of the evidence favorable to the Plaintiff; onto the other, place all of the evidence favorable to the Defendants.  If, after

considering the comparable weight of the evidence, you feel that the scale tips, ever so slightly or to the slightest degree, in favor of the Plaintiff, your verdict must be for the Plaintiff.  If the scale tips in favor of the Defendants, or are equally balanced, your verdict must be for the Defendants.

In this case, the Plaintiff has the burden of proving the following propositions with regard to Defendant Leppo, that:

a.   Defendant Leppo was negligent in that it had a duty to, but failed to adequately warn Plaintiff-husband of the known hazards of being struck by the Loader and Backhoe"; and,

b.   Defendant Leppo was negligent in that it had a duty to, but failed to provide Plaintiff-husband with training as to what to do in the event that someone entered the swing radius of the arm.

If, after considering all of the evidence, you feel persuaded that these propositions are more probably true than not true, your verdict must be for the Plaintiff. Otherwise, your verdict should be for the Defendants.   Pa. SSJI, § 5.50 (2005).

Granted_____       Denied_____ Modified_____

Respectfully submitted,

DALLAS W. HARTMAN, P.C.                    WAYMAN, IRVIN, & McAULEY, LLC

By:   /s/ Dallas W. Hartman____            By:   /s/ Mark J. Gesk_____
      Dallas W. Hartman, Esquire                 Mark J. Gesk, Esquire
      Pa ID No. 41649                            Pa ID No. 26392

      Wayne P. Reid, Esquire                     Ian C. Walchesky, Esquire
      Pa ID No. 76251                            Pa ID No. 200222
      *Counsel for Plaintiffs*                   *Counsel for Defendant Bobcat Company*

                                                 WALSH, COLLIS & BLACKMER, P.C.

                                           By:   /s/ Marna K. Blackmer_____
                                                 Paul J. Walsh, III, Esquire
                                                 Pa ID No. 58843

                                                 Marna K. Blackmer, Esquire
                                                 Pa ID No. 79528

                                                 Natalie A. Troilo, Esquire
                                                 Pa. ID No. 89148
                                                 *Counsel for Defendants, Leppo Inc., et. al.*

35

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **Joint Proposed Points for Charge** has been served on the following counsel of record by electronic service and first class U.S. mail; postage pre-paid this 29th day of February, 2008:

Dallas Hartman, Esquire
Wayne P. Reid, Esquire
2815 Wilmington Road
New Castle, PA 16105
*(Counsel for Plaintiffs)*

Marna K. Blackmer, Esquire
Walsh, Collis & Blackmer, LLC
The Gulf Tower, Suite 1400
707 Grant Street
Pittsburgh, PA 15219
*(Counsel for Leppo, Inc.)*

WAYMAN, IRVIN & McAULEY, LLC

BY:    /s/ Mark J. Gesk
       Mark J. Gesk, Esquire