IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ALTMAN and ROXANA ALTMAN,    )<br>    Husband and Wife,                    )<br>                   Plaintiffs,    )<br>                                  )<br>        -vs-                           )<br>                                  )<br>BOBCAT COMPANY, et al.              )<br>                 Defendants.    ) | Civil Action No. 05-956 |

AMBROSE, Chief District Judge

MEMORANDUM ORDER OF COURT

I. <u>Plaintiffs' Motion In Limine To Preclude Defendants From Offering And / Or Eliciting Testimony, As Well As Arguing To The Jury, That Any Alleged Negligence By The Operator Of The Bobcat Or Comparative Negligence By Plaintiff Was The Cause Of Plaintiff's Accident And Injuries</u> (Docket No. 103)

      Pennsylvania has adopted a comparative negligence standard wherein the damages, if any, sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to him. <u>See</u> 42 Pa. C.S.A. § 7102. Accordingly, evidence of comparative negligence would be relevant. Contrary to the Plaintiffs' assertions, the record contains evidence upon which a reasonable fact finder could rely in concluding that Altman was contributorily negligent in causing his injuries. Further, the record contains evidence upon which a reasonable fact finder could rely in concluding that the backhoe operator acted negligently and / or was an intervening or superseding cause of the accident. Consequently, the Plaintiffs' Motion to preclude the admission of such evidence

is DENIED.

II. <u>Defendant Bobcat Company's Motion In Limine To Exclude Evidence Of Subsequent Modifications</u> (Docket No. 104)

It appears undisputed that after Altman sustained his injury, First Energy (his employer) "made modifications to the design of the skid steer loader and the 709 backhoe." <u>See</u> Docket No. [104], p. 2. Bobcat insists that evidence of a subsequent modification is not relevant to the matters before this Court and should be excluded under Rules 401 and 402 of the Federal Rules of Evidence. Even if relevant, Bobcat argues in the alternative, the probative value of such evidence is outweighed by its prejudicial effect and should be excluded pursuant to Rule 403.[1]

I reject Bobcat's contention that evidence of a subsequent modification is irrelevant. The evidence will tend to show that an alternative design was feasible. Indeed, the Plaintiffs' expert will testify that other manufacturers were producing similar designs at the same time. Evidence tending to show that another design which may have prevented the injury in question was feasible at the time, and in fact could be installed on the very machine in question, certainly is relevant to the issue of Bobcat's alleged negligence.

---

[1] Generally evidence of subsequent modifications is precluded under Rule 407 of the Federal Rules of Evidence. Bobcat cannot invoke the protection of this rule, however, because Rule 407's exclusion pertains to subsequent modifications made by the <u>defendant</u>, not by third parties. <u>See</u> <u>Sell v. Ingersoll-Rand Company</u>, 136 Fed. Appx. 545, 2005 WL 1526455 (3d Cir. 2005) and <u>Diehl v. Blaw-Knox</u>, 360 F.3d 426 (3d Cir. 2004).

Further, because the evidence Plaintiffs have adduced through the subsequent modifications and expert make clear that the design was available at the time the product was manufactured, and because First Energy employees will apparently testify that the redesign was done in direct response to the accident, I find that the probative value outweighs any potential for prejudice or confusion. See Diehl, 360 F.3d at 432-33.

III. Defendant Bobcat Company's Motion In Limine To Exclude Evidence Of Alleged Similar Occurrences (Docket No. 106)

Bobcat seeks to exclude evidence of an incident recounted by Martin Daniels, a First Energy employee, wherein the controls for a 709 Backhoe attachment were inadvertently contacted when the operator, Shawn Leach, turned around to disengage the engine. According to Bobcat, the evidence is not relevant, is hearsay, is more prejudicial than probative, and is insufficiently similar in nature to the incident involved in the case at bar. I disagree. First, the evidence is relevant to the issue of negligent design. Second, the deposition transcript certainly suggests that Daniels witnessed Leach actually turn around and hit the control with his knees. To the extent that the deposition may be misleading in this respect, Bobcat can ask for a proffer before Daniels testifies.[2]

---

[2] Plaintiffs suggest that, even if Daniels did not himself witness Leach's knee hit the controls, Daniels could testify to what he understood caused the incident because he would be testifying under an exception to the hearsay rule - the "present sense impression" set forth in Rule 803(1) of the Federal Rules of Evidence. Again, I do not have enough information before me to rule on this issue. This matter can be addressed, if required, during Plaintiffs' proffer.

3

Third, and finally, the incident Daniels recounts is in my view "substantially similar" to the accident involving Altman. Both involved the same skid steer loader. Both involved inadvertent contact with the controls by a knee / leg. Both incidents occurred when the operator was turning around to throttle down or power down. Finally, in both cases, the bucket of the 709 Backhoe swung. Accordingly, at this juncture, Daniels will be permitted to testify regarding this incident.

      Bobcat's Motion does reference other past occurrences. In his deposition testimony, Daniels recalled that other individuals had told him of other occasions in which controls on the skid steer loaders had been inadvertently activated. Daniels could not recall any details regarding these incidents. Bobcat seeks to exclude such testimony on the same grounds set forth above. Plaintiffs do not respond to the Motion in this regard. I interpret Plaintiffs' silence in this respect as a concession that evidence of other past incidents is inadmissible. Consequently, the Motion is granted in this respect.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS ALTMAN and ROXANA ALTMAN )<br>    Husband and Wife, )<br>               Plaintiffs, )<br>                       )<br>    -vs- )<br>                       )<br>BOBCAT COMPANY, et al. )<br>               Defendants. ) | Civil Action No. 05-956 |

AMBROSE, Chief District Judge

ORDER OF COURT

AND NOW, this ___ day of March, 2008, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motions in Limine filed by the parties in this case are hereby disposed of as follows:

(1) Motion re: Comparative / Contributory Negligence (Docket No. 103) - Denied

(2) Motion re: Subsequent Modifications (Docket No. 104) - Denied

(3) Motion re: Similar Occurrences (Docket No. 106) - Granted in Part and Denied in Part. Plaintiffs may present the testimony of Mark Daniels regarding the incident in which he was personally involved. Plaintiffs are precluded from presenting the testimony of Mark Daniels regarding other incidents of which Mark Daniels was informed by others.

BY THE COURT:

_____

Donetta W. Ambrose
Chief U.S. District Judge