# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Altman and Roxana Altman, husband and wife, | ) <br> ) Civil Action No. 05-956 <br> ) |
| Plaintiffs, | ) <br> ) |
| -vs- | ) <br> ) |
| Bobcat Company an unincorporated business unit of Clark Equipment Company, and Leppo, Inc., Leppo Rents, Leppo Equipment and Leppo Rents - Bobcat of Akron | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## OPINION AND ORDER

On April 7, 2008, following a week-long trial, a jury found Defendant-Bobcat solely liable under a negligent design theory, and awarded monetary damages to both Plaintiffs. On April 21, 2008, Defendant-Bobcat filed a motion for new trial and other relief. After Plaintiffs filed their response to this motion, I entertained oral argument on the matter on May 28, 2008. Upon careful consideration of the written materials as well as the oral arguments, I now deny Defendant's motion for the reasons set forth below.

A court should grant a new trial under Rule 59 to prevent a miscarriage of justice only when the jury's "verdict is contrary to the great weight of the evidence," *Roebuck v. Drexel University*, 852 F.2d 715, 736 (3d Cir. 1988), or when a "court commits an error of law which prejudices a substantial right of a party." *Paul Morelli Design, Inc. v. Tiffany and Co.*, 200 F.Supp.2d 482, 484 (E.D. Pa. 2002). However, the grant of a new trial is committed to the sound judicial discretion of

the trial court. *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 85 L. Ed. 147, 61 S. Ct. 189 (1940). With regard to jury trials, a court should only exercise its discretion to grant a new trial "when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." *Williamson v. Consolidated Rail Corp.*, 926 F.2d 1344, 1353 (3d Cir. 1991).

Defendant's arguments for a new trial can be categorized as follows: (1) juror misconduct; (2) errors with respect to the admission of evidence; (3) errors with respect to jury instruction; (4) opposing counsel made improper arguments to the jury; (5) the jury verdict was against the weight of the evidence; and (6) the cumulative effect of all these alleged errors. None of these arguments are persuasive enough to warrant a new trial. I will only address two matters herein. All remaining issues and sub-issues are summarily denied.

### 1. Juror Misconduct

The misconduct to which the Defendant refers concerned a juror (Juror 73), who, against my explicit instructions, conducted independent research during the course of the trial by sitting in the cab of what she believed to be a Bobcat machine. During deliberations, Juror 73 shared her experience with other jury members. One of the other jurors sent a note informing me of Juror 73's actions. Outside the presence of the other jurors, I elicited testimony from Juror 73 concerning the independent research she had performed, and asked her to recount what she said to other jury members. Based on her testimony, I admonished her and dismissed her from the jury.

Immediately thereafter, I questioned each remaining juror individually, outside the presence of the other jurors to ascertain what, if anything, they recalled Juror 73 saying, and I asked each person if they could remain neutral in light of what they heard. Each of the remaining jurors had a

slightly different account of what they heard Juror 73 say, but every juror stated that her statements would not influence their ability to render an impartial verdict. Defendant argues that a new trial is warranted under these circumstances because Juror 73 exposed the other jurors to extraneous information which substantially prejudiced them against Defendant-Bobcat.

In every case where the trial court learns that a member of the jury may have received extra-record information with a potential for substantial prejudice, the trial court must determine whether the other members of the jury have been prejudiced. *Government of Virgin Islands v. Dowling*, 814 F.2d 134, 139 (3d Cir. 1987), *citing, Smith v. Phillips*, 455 U.S. 209, 217 (1982). The Third Circuit prefers individual voir dire as the means of inquiry into possible prejudice or bias on the part of jurors, and it requires that the procedures used must provide a reasonable assurance for the discovery of prejudice. *United States v. Bertoli*, 40 F.3d 1384, 1393 (3d Cir. 1994). Only by conducting adequate voir dire can a trial court, based on the outcome of such inquiry, carry out its duty to determine whether the trial should be aborted or whether the jury, with proper instructions, can be relied upon to judge impartially and to confine its deliberations to the record evidence. *Government of Virgin Islands,* 814 F.2d at 138. A new trial is necessary unless the Court, based on the results of its case-specific inquiry, finds that it is "highly probable that the error did not contribute to the judgment" of the jury. *United States v. Youngblood,* 56 F. Supp. 2d 518, 523 (E.D. Pa. 1999) (citing *Government of the Virgin Islands v. Toto*, 529 F.2d 278, 284 (3d Cir. 1976)).

After questioning each juror individually, I did not find any of the remaining jurors to be biased, prejudiced or unable to render an impartial verdict based on the statements of Juror 73. After re-reviewing the testimony of each juror and the colloquy that transpired with each juror, as well as my instructions to the jurors prior to allowing them to resume deliberations, I do not find it "highly

3

probable" that Juror 73's misconduct created "substantial prejudice" among the other jury members nor do I find that her conduct contributed to the judgment rendered by the remaining jurors.

## 2. Computer-Generated Evidence

Defendant argues that by permitting the jury to view a computer-generated animation of a person operating the Bobcat machine at issue, legal error arose. Defendant believes Plaintiffs failed to meet any of the three requirements necessary to allow the animation to be shown to the jury. Defendants' main arguments with respect to the animation were that it was improperly authenticated, not scientifically reliable, and that I had not adequately considered F.R.E. 403 before allowing it to be shown to the jury.

In *Fusco v. General Motors Corp.,* 11 F.3d 259 (3d Cir. 1993) the Third Circuit held:

> Where [a] recreation could easily seem to resemble the actual occurrence, courts have feared that the jurors may be misled because they do not fully appreciate how variations in the surrounding conditions, as between the original occurrence and the staged event, can alter the outcome. . . . [C]ourts have created a doctrine, predating and now loosely appended to Rule 403, that requires a foundational showing of substantial similarity in circumstances. [Cite omitted.] Of course the concept of substantial similarity is a flexible one, and ought to be, for the benefits of the demonstration and the dangers of misleading the jury will vary greatly depending upon the facts. We think that the trial judge enjoys great discretion in this area.

*Fusco,* 11 F.3d at 264.

In this case, Plaintiffs did not offer the computer-generated evidence as a reconstruction of the accident, but rather, offered it to help the jury visualize the testimony proffered by their witnesses. Numerous photographs of the machine were admitted into evidence which depicted the seat and the controls, but since the backhoe itself could not be brought into the courtroom so a person could be seated in it, the animation simply served to show how a person, while in the Bobcat's seat could inadvertently come into contact with the controls which moved the swing arm. There was

4

ample testimony indicating that measurements of the actual machine were used to create the seat and control panel portion of the machine in the animation. In addition, the animation did not depict a bystander being struck by the machine, and thus was not a recreation of the accident. I did not and do not find that the probative value of this evidence was outweighed by any prejudicial effect under Rule 403 and still believe it was properly admitted into evidence.

As indicated above, all remaining matters raised by Defendant-Bobcat in its post trial motion are summarily denied and because I do not find the verdict to be against the weight of the evidence, new trial under Rule 59 and the other relief requested shall not be granted.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Altman and Roxana Altman, husband and wife, | ) |
| | ) Civil Action No. 05-956 |
| Plaintiffs, | ) |
| -vs- | ) |
| Bobcat Company an unincorporated business unit of Clark Equipment Company, and Leppo, Inc., Leppo Rents, Leppo Equipment and Leppo Rents - Bobcat of Akron | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## **ORDER**

AND NOW, this 14th day of July, 2008, Defendant-Bobcat's post-trial motion for a new trial pursuant to Rule 59 and for other relief [docket entry no. 180] is hereby denied.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge