IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Altman and Roxana Altman, husband and wife, ) | Civil Action No. 05-956 |
| Plaintiffs, ) | |
| -vs- ) | |
| Bobcat Company an unincorporated business unit of Clark Equipment Company, and Leppo, Inc., Leppo Rents, Leppo Equipment and Leppo Rents - Bobcat of Akron, ) | |
| Defendants. ) | |

AMBROSE, Chief District Judge.

**OPINION AND ORDER**

Before the Court are Plaintiffs' post trial motion for delay damages and Defendant-Bobcat's opposition to same. [Docket entry nos. 177 and 190]. In addition, Plaintiffs filed a motion for costs under F.R.Civ.P 54(d) and Defendant-Bobcat filed a response in opposition as well as a motion to strike the Plaintiffs' bill of costs. [Docket entry nos. 178, 189, 191]. Having recently denied Defendant-Bobcat's motion for new trial, these motions are now ripe for decision.

**A. Delay Damages**

**1. Federal Court Jurisdiction and Delay Damages under Pa.R.Civ.P. 238**

Defendant-Bobcat first claims that this court lacks jurisdiction to award delay damages, offering no further explanation or argument on this matter. I disagree.

Counsel for Defendant-Bobcat removed this case to federal court based on diversity of citizenship. In diversity cases, such as this one, federal courts possess jurisdiction over all

1

substantive matters, which include delay damages. The Third Circuit has held:

> We . . . hold that the Pennsylvania law on delay damages in tort, whether awarded under the suspended rule, *Craig* or the present Rule 238 is substantive for purposes of *Erie R.R. v. Tompkins*, [cite omitted]. Therefore, under *Erie*, it must be followed by federal courts sitting in diversity cases.

*Fauber v. KEM Transportation and Equipment Co., Inc.*, 876 F.2d 327, 328 (3d Cir.1989). *See also, Kirk v. Raymark Indus., Inc.*, 61 F.3d 147, 168 (3d Cir. 1995) (we reiterate that it is proper for a federal district court sitting in diversity to award delay damages to a plaintiff under Rule 238 of the Pennsylvania Rules of Civil Procedure).

### 2. Plaintiffs Did Not Delay

Next, Defendant-Bobcat claims that Plaintiffs should be charged with causing the delay from August 6, 2007 to the date of trial. Again, I disagree.

Under Pa.R.Civ.P. 238(a)(2) damages for delay shall be awarded, "for the period of time from a date one year after the date original process was first served in the action up to the date of the award, verdict or decision." The original process was first served on July 17, 2005. Under Rule 238, delay damages would start to run on July 18, 2006 and continue to run up to the date of verdict (April 7, 2008). Factoring in an extra day for leap year in February of 2008, the total number of days subject to delay damages is 628 days. Rule 238(b)(1)(ii) states that this 628-day period of time shall exclude any time that a delay was caused by the plaintiff.

Trial was originally scheduled for July 31, 2007, but in May of 2007, due to court calendar conflicts, I moved the start date back one week to August 6, 2007. Plaintiffs' counsel filed a motion to continue the trial because he was scheduled to try another U.S. District Court case in Erie, Pennsylvania, on August 13, 2007 and the instant matter was expected to last 6 working days. In response to this motion, I scheduled the instant case for trial on September 24, 2007. Counsel for

Defendant-Bobcat filed a motion to continue the trial because he had to be in state court for a trial that commenced on September 18, 2007. Following a conference with all parties, it was agreed that this trial would start on January 14, 2008. Ultimately, due to a number of court calendaring factors, one of which was the need to hold a *Daubert* hearing (which Defendant-Bobcat requested), a jury trial commenced on March 31, 2008, and concluded on April 7, 2007 with a verdict in Plaintiffs' favor. Given these facts, I do not find that Plaintiffs caused a delay from August 6, 2007 and thus, should receive delay damages for all 628 days.

### 3. Applicability of Delay Damages to Various Torts

Next, Defendant-Bobcat argues that Plaintiffs cannot recover delay damages on all portions of the verdict. I agree that Plaintiff, Roxana Altman, cannot recover delay damages on her loss of consortium award. *See, Anchorstar v. Mack Trucks, Inc.*, 533 Pa. 177, 620 A.2d 1120 (1993), (delay damages are not recoverable in loss of consortium cases). Accordingly, the $600,000 awarded to Plaintiff, Roxana Altman, is not subject to delay damages. However, I find that Plaintiff, Thomas Altman, can recover delay damages for his wage loss as well as for past, present and future embarrassment and humiliation.[1]

Defendant-Bobcat cites *Butler v. Flo-Ron Vending Co.*, 383 Pa.Super. 633, 557 A.2d 730 (1989), *alloc. den.*, 567 A.2d 650 (Pa. 1989) for the proposition that Mr. Altman cannot recover delay damages on his emotional distress award. The *Butler* case was a defamation action which arose when the plaintiff's former employer made false statements about the plaintiff to the plaintiff's future employer, causing him to lose his new job. After obtaining a verdict in his favor, the plaintiff

---

[1] On the verdict form the terms used were "past, present and future embarrassment and humiliation." Although Defendant-Bobcat, in its brief calls this loss "emotional distress, anguish and humiliation," it is clear from the remainder of the brief that Defendant is referring to the same item of damage.

3

argued he was entitled to delay damages for emotional distress, anguish and humiliation, which he believed constituted a personal injury. The Superior Court, citing *Wainauskis v. Howard Johnson Co.*, 339 Pa. Super. 266, 488 A.2d 1117 (1985), a malicious prosecution case, held that in both *Wainauskis* and *Butler,* the lawsuits arose out the plaintiffs being wrongly accused of committing crimes, and therefore, declined to classify the lawsuits as "civil actions seeking relief for 'bodily injury'" as Rule 238 required. Thus, no delay damages could be awarded.

Unlike *Butler* and *Wainauskis*, the instant case arose out of a negligent design claim where Mr. Altman sought monetary damages for his bodily injuries as Rule 238 requires. The jury determined that Mr. Altman sustained injuries, was entitled to monetary relief for those injuries and compensated him for the injuries. Delay damages are really in the nature of prejudgment interest and are to be added to compensatory damages awarded at verdict. *Tindal v. Southeastern Pennsylvania Transp. Authority*, 385 Pa. Super. 94, 560 A.2d 183, 189 (1989). Liability for delay damages should correspond to liability for compensatory damages. *Harrell v. Fibreboard Corp.*, 1989 U.S. Dist. LEXIS 14196, *66 (E.D.Pa. 1989), citing *Tindal*, 560 A.2d at 188-189. Because Pa.R.Civ.P. 238 specifically allows delay damages to be awarded in personal injury cases, and as Pennsylvania case law suggests, these damages should correspond to the compensatory damages, I find that Mr. Altman's wage loss and emotional distress are part and parcel of his bodily injury claim. Accordingly, delay damages should be awarded to him.

### B. Bill Of Costs

Under 28 U.S.C. § 1920, there are six items that may be taxed as costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4)

fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under section 1923 of this title [28 USCS § 1923]; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828]. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Rule 54(d) states that "costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) creates a presumption that prevailing parties are entitled to costs. *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352, 101 S. Ct. 1146, 67 L. Ed. 2d 287 (1981). The losing party, therefore, bears the burden of showing why costs should not be taxed against it. *Pennsylvania v. Local Union 542*, 507 F. Supp. 1146, 1153 (E.D. Pa. 1980).

Plaintiffs' bill of costs, timely filed pursuant to F.R.Civ.P. 54(d), requested that Defendant-Bobcat be taxed for: court reporter fees for fifteen deposition transcripts, a *Daubert* hearing transcript, fourteen enlarged documents used during the course of the trial, fees of the clerk and marshal, and expert witness fees. Defendant-Bobcat argues that Plaintiffs are not entitled to recover costs incurred for: (1) eight of the fifteen deposition transcripts which were not used at trial, (2) the videotape of a witness who testified live at trial, and (3) enlarging documents when electronic means of display were available to the Plaintiffs.

District courts have the sound discretion to award or deny costs. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233-34, 85 S. Ct. 411, 13 L. Ed. 2d 248 (1964). However, to overcome the presumption favoring the prevailing party and to deny that party costs, a district court must support that determination with an explanation. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 462-63 (3d Cir. 2000). "Unclean hands, or bad faith or dilatory tactics, of the prevailing party" may be

5

considered as a basis to deny costs to a prevailing party. *Id.* at 463; *Smith v. Southeastern Pa. Transp. Auth.*, 47 F.3d 97, 99 (denial of costs to the prevailing party is in the nature of a penalty for some defection on his part during the course of the litigation).

The general rule regarding deposition costs is that they are recoverable if the taking of the depositions is found to have been reasonably necessary at the time of taking, and that said recovery is within the sound discretion of the court. *Harrisburg Coalition Against Ruining the Environment v. Volpe*, 65 F.R.D. 608 (M.D. Pa. 1974). This rule applies even though the deposition taken may not have been used at trial. *Smith v. Crown Equip. Corp.*, 2000 U.S. Dist. LEXIS 530, No 97-541, 2000 WL 62314, at *3 (E.D. Pa. Jan. 13, 2000)(citations omitted). However, the court will not... grant costs for deposition transcripts which were obtained for the mere convenience of counsel. *Id.* (citation omitted). Also, "[a] party may not . . . recover the costs of depositions for investigatory or discovery purposes which are not used or intended for use at trial." *Herbst v. General Accident Ins. Co.*, 2000 U.S. Dist. LEXIS 11952, No. 97-8085, 2000 WL 1185517, at *3 (E.D. Pa. Aug. 21, 2000), at *1 (citations omitted).

Based on this and numerous other unreported cases from district courts within the Third Circuit, I find that all but two of Plaintiffs' deposition costs should be taxed against Defendant-Bobcat. Since Martin Daniels and John Talbot, M.D. were not called to testify at trial and since no portions of their depositions were read into evidence, the costs for those depositions will be excluded. In addition, based on 28 U.S.C. § 1920, costs for Lawrence County's prothonotary and sheriff and Philadelphia county's sheriff are not taxable to Defendant-Bobcat. Accordingly, the Plaintiffs' bill of costs (requesting $11,046.54) shall be reduced by $1,103.04 for a total taxable amount of $9,943.50.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Thomas Altman and Roxana Altman, husband and wife, | ) <br> ) Civil Action No. 05-956 <br> ) |
| Plaintiffs, | ) <br> ) |
| -vs- | ) <br> ) |
| Bobcat Company an unincorporated business unit of Clark Equipment Company, and Leppo, Inc., Leppo Rents, Leppo Equipment and Leppo Rents - Bobcat of Akron, | ) <br> ) <br> ) <br> ) <br> ) <br> ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

**ORDER**

AND NOW, this 23rd day of July, 2008 the following order is entered with respect to Plaintiffs' post trial motion for delay damages and Plaintiffs' motion for costs and Defendant-Bobcat's motion to strike Plaintiffs' bill of costs [docket entry nos. 177, 178, and 191]:

1) Delay damages in the amount of $362,811.67 shall be added to the verdict amount of $2,991,337.00 for a total verdict of $3,354,148.67. The verdict shall be molded to reflect this amount.

2) Costs in the amount of $9,943.50 are approved and to be taxed against Defendant-Bobcat and are to be included in the judgment.

BY THE COURT:

s/ Donetta W. Ambrose
Donetta W. Ambrose,
Chief U.S. District Judge